IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Briefs July 29, 2010

## JOHN A. VAN GROUW v. TRACEY P. MALONE

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-006012-07      Walter C. Kurtz, Sr. Judge by Designation**

---

**No. W2009-02119-COA-R3-CV - Filed August 19, 2010**

---

Plaintiff appeals the trial court's award of summary judgment to Defendant attorney in an action alleging professional malpractice, fraud, and violation of the consumer protection act. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J. and J. STEVEN STAFFORD, J., joined.

Larry E. Parrish, Memphis, Tennessee, for the appellant, John A. Van Grouw.

Richard Glassman, Edwin E. Wallis, III, and Leslie R. Isaacman, Memphis, Tennessee, for the appellee, Tracey P. Malone.

### OPINION

This appeal arises from a complaint for fraud filed in the Circuit Court for Shelby County in December 2007, and amended in June 2009 to include a claim of professional negligence. In his amended complaint, John A. Van Grouw (Mr. Van Grouw) alleged that attorney Tracey P. Malone (Ms. Malone) was liable for damages arising from a real estate transaction whereby Mr. Van Grouw transferred $125,000 to a partnership in which he purportedly was a 50% limited partner in order to purchase real property on Third Street in Memphis. Mr. Van Grouw alleged that, when he transferred the funds, he believed himself to be engaged in a limited liability partnership called KVG, LLP, pursuant to an agreement signed on January 10, 2007. He asserted that "[b]ecause no application was ever filed with the Tennessee Secretary of State, the [p]urported [p]artnership has never been a registered limited liability partnership," and that it was "a sham entity created as an instrumentality for

use by [t]he Purported Partner and [t]he General Purported Partner, with the aid of Malone, to defraud Van Grouw." Apparently, the Third Street property was transferred to NDSJ, Inc., an entity in which Gary Konstantin (Mr. Konstantin)[1], another KVG "partner," was a principal, for $72,000. On the same day, NDSJ transferred the property to KVG for $115,000. Ms. Malone acted as the closing attorney in both transactions.

In his amended complaint, Mr. Van Grouw alleged that Ms. Malone "aided and abetted" Mr. Konstantin "in a scheme to defraud Van Grouw." He alleged that Ms. Malone's "loyalty" was to Mr. Konstantin, and that she breached her fiduciary duty to Mr. Van Grouw. Mr. Van Grouw asserted claims titled 1) fraud/professional negligence; 2) fraud/professional services; 3) falsifying public documents/professional services; 4) Tennessee Consumer Protection Act. He prayed for all transactions committed under the name of the Purported Partnership to be declared void *ab initio*; that the transfer of the Third Street property be declared void *ab initio*; for compensatory damages in the amount of $350,000; and for punitive and  exemplary damages in the amount of $500,000.

Ms. Malone filed an answer denying Mr. Van Grouw's allegations of fraud and two expert affidavits negating the allegations of malpractice. In July 2009, she filed a motion for summary judgment and statement of undisputed facts. The trial court granted Ms. Malone's motion following a hearing on August 10, 2009. In its order, the trial court awarded summary judgment to Ms. Malone with respect to Mr. Van Grouw's claims of fraud and professional malpractice, and dismissed Mr. Van Grouw's claim under the Tennessee Consumer Protection Act. On September 14, 2009, Mr. Van Grouw filed a Tennessee Rules of Civil Procedure 59.04 motion to alter or amend. In his motion, Mr. Van Grouw recited twenty-seven assignments of error on the part of the trial court. The trial court denied Mr. Van Grouw's motion and entered final judgment in the matter on September 15, 2009. Mr. Van Grouw filed a timely notice of appeal to this Court.

### *Issues Presented*

Mr. Van Grouw presents the following issues for our review:

1.      If a closing attorney fails to confirm the existence and identity of a seller/buyer, does the rule of inquiry doctrine and law governing willful ignorance control to determine what knowledge the closing attorney had at the closing?

---

[1]The record indicates that Mr. Konstantin, who is not a party to this lawsuit, is incarcerated in federal prison.

2. Is a purchaser in a real estate transaction entitled to the benefit of the duties associated with an attorney-client relationship, including a fiduciary duty, by the closing attorney? If the purchaser is an entity, are the members of that entity also entitled to the same benefits?

3. Did Van Grouw state a claim for relief for legal malpractice against Malone that if the same means were used by a non-lawyer under the same circumstances, would be actionable as fraud (inclusive of conflict-of-interest)?

4. Did the trial court deviate from controlling Tennessee law in (1) holding that Malone satisfied Malone's burden of persuasion and, thereby, shifted to Van Grouw a burden to come forward with evidence, (2) weighing evidence presented by Van Grouw to determine if a genuine dispute on controlling elements of Van Grouw's claim existed and (3) holding that a genuine issue blocking the Summary Judgment did not exist?

### *Standard of Review*

We review a trial court's award of summary judgment *de novo*, with no presumption of correctness, reviewing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008) (citations omitted). Summary judgment is appropriate only where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* at 83 (quoting Tenn. R. Civ. P. 56.04). The burden is on the moving party to demonstrate that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Id.* (citations omitted).

After the moving party has made a properly supported motion, the nonmoving party must establish the existence of a genuine issue of material fact. *Id.* (citations omitted). To satisfy its burden, the nonmoving party may: (1) point to evidence of over-looked or disregarded material factual disputes; (2) rehabilitate evidence discredited by the moving party; (3) produce additional evidence that establishes the existence of a genuine issue for trial; or (4) submit an affidavit asserting the need for additional discovery pursuant to Rule 56.06 of the Tennessee Rules of Civil Procedure. *Id.* (citations omitted). The court must accept the nonmoving party's evidence as true, resolving any doubts regarding the existence of a genuine issue of material fact in that party's favor. *Id.* (citations omitted). A disputed

fact that must be decided to resolve a substantive claim or defense is material, and it presents a genuine issue if it reasonably could be resolved in favor of either one party or the other. *Id.* (citations omitted). With this standard in mind, we turn to whether the trial courted erred by awarding summary judgment in this case.

### *Discussion*

We begin our discussion by noting that, in his brief to this Court, Mr. Van Grouw states,

> [t]he facts in the record are not seriously in dispute; the real issues mostly involve basic questions of law and the legal significance of facts not in dispute; clearly focusing on undisputed facts should expose what is at issue to be resolved on this appeal.
>
> . . . .
>
> . . . . The only question at issue is whether [Ms.] Malone, jointly and severally, is liable to [Mr.] Van Grouw for legal malpractice, aiding and abetting and/or as a conspirator with G. Konstantin for the loss sustained by [Mr.] Van Grouw.

Mr. Van Grouw's argument, as we perceive it, is that the trial court erred by determining that the undisputed facts in this case establish that Ms. Malone was not guilty of malpractice or fraud as a matter of law. We therefore turn to whether the trial court erred in determining that, in light of the facts, Ms. Malone was entitled to a judgment as a matter of law.

We first consider whether the trial court erred in awarding summary judgment to Ms. Malone with respect to Mr. Van Grouw's professional malpractice claim. In its August 2009 order, the trial court presented an over-view of the facts and the positions of the parties and said,

> [t]he Court wishes to state what is easily resolved: to the extent this case alleged 'legal malpractice,' it is dismissed. The defendant has filed the affidavit of a lawyer stating that Ms. Malone did not violate professional standards, and that affidavit is not rebutted.

Upon review of the record, we observe that Mr. Van Grouw failed to come forth with

-4-

expert testimony to rebut the expert affidavit offered by Ms. Malone as required by Tennessee Rules of Civil Procedure 56.04. We accordingly affirm summary judgment in favor of Ms. Malone with respect to Mr. Van Grouw's malpractice claim. This holding disposes of the second and third issues presented by Mr. Van Grouw for our review.

We next turn to whether the trial court erred by awarding summary judgment to Ms. Malone with respect to Mr. Van Grouw's claim of fraud. Mr. Van Grouw's argument, as we perceive it, is that Ms. Malone's actions were insufficient under the "rule of inquiry doctrine" and "law governing willful ignorance," such that her actions amount to fraud. In her brief, Ms. Malone asserts that the issue of willful ignorance was not raised in the trial court. She further asserts that the no further inquiry doctrine posited in the argument section of Mr. Van Grouw's brief was not raised in the trial court and is not a recognized doctrine in Tennessee.

In his reply brief to this Court, Mr. Van Grouw asserts that the issue of willful ignorance was raised in the trial court in his motion to alter or amend the judgment. He does not refer us to any other reference to that issue in the record. A Rule 59.04 motion to alter or amend a judgment, however, may not be used to raise issues or legal arguments that previously were not tried or asserted. *In re M.L.D.*, 182 S.W.3d 890, 895 (Tenn. Ct. App. 2005)(citations omitted). The purpose of a motion to alter or amend is to provide the trial court with an opportunity to correct errors before the judgment becomes final. *Id.* It should be granted if the controlling law changes prior to entry of a final judgment; if evidence that was previously unavailable becomes available; or to correct a clear error of law or to prevent injustice. *Id.* We review a trial court's determination regarding whether to grant a Rule 59.04 motion to alter or amend a judgment under an abuse of discretion standard. *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003). We find no abuse of discretion on the part of the trial court in this case. Additionally, it is well-settled that issues may not be raised for the first time upon appeal. *E.g.*, *In re M.L.D.*, 182 S.W.3d at 895. In light of the foregoing, we agree with Ms. Malone that Mr. Van Grouw failed to raise issues predicated on willful ignorance in the trial court, and he may not raise them for the first time on appeal.

We next turn to Ms. Malone's arguments that the "no further inquiry doctrine" asserted by Mr. Van Grouw was not raised in the trial court and is not a doctrine recognized by Tennessee case law. Mr. Van Grouw asserts that the doctrine was raised in the trial court in his reply to Ms. Malone's response to his first motion to amend his complaint. He also asserts,

> [Ms.] Malone states that the doctrine is not found in Tennessee law. This statement has no basis of fact or law; however, it is true that no Tennessee case uses the tag or label "no further inquiry doctrine." However, almost to an unequaled degree, Tennessee has long followed all of the precepts that are

euphemistically referred to as the "no further inquiry doctrine."

Mr. Van Grouw points us to no other reference to the doctrine in the record other than his response to Ms. Malone's response to his motion to amend.

Assuming that referencing a "doctrine" in a response to an opposing party's response to a motion to amend is sufficient for the purposes of raising it in the trial court, we cannot agree with Mr. Van Grouw that the "doctrine" is so clearly established in Tennessee as "to be of cornerstone significance to our system of justice" as he asserted in his response in the trial court. Additionally, although Mr. Van Grouw contended in his response to Ms. Malone's response in the trial court that this fundamental cornerstone of justice has its origins in Roman law, he cites neither case law nor historical authority that would illuminate the tenets or parameters of the "doctrine." Although Mr. Van Grouw submits in his brief to this Court that the term "doctrine" euphemistically encompasses truths too obvious to require recitation, we find it difficult to embrace a doctrine, as a matter of jurisprudence, without further elaboration. Mr. Van Grouw's argument with respect to this "doctrine," as we perceive it, is that Ms. Malone cannot assert that she had no obligation to Mr. Van Grouw to delve further into the particularities of the real estate transaction. We therefore consider it to fall within the ambit of Mr. Van Grouw's allegations of malpractice, as discussed above.

Mr. Van Grouw does not allege that Ms. Malone purposefully participated in a fraud that appears to have been perpetrated, if at all, by Mr. Konstantin. Rather, Mr. Van Grouw's argument is predicated on an assertion that Ms. Malone failed to sufficiently inquire into the particulars of the real estate transaction. Mr. Van Grouw's claim is, in substance, one for professional malpractice. As noted above, he simply failed to come forth with evidence to rebut the expert testimony offered by Ms. Malone with respect to this claim.

### *Holding*

In light of the foregoing, the trial court's award of summary judgment in favor of Ms. Malone is affirmed. Costs of this appeal are taxed to the Appellant, John A. Van Grouw, and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

-6-